**Pedro MATA–GUERRERO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.**

**No. 10–1664.**

United States Court of Appeals, Seventh Circuit.

March 8, 2011.

Elisabeth Clayton, Kempster, Keller & Lenz–Calvo, Chicago, IL, for Petitioner.

Blair O'Connor, OIL, Department of Justice, Washington, DC, for Respondent.

Before DANIEL A. MANION, JOHN DANIEL TINDER, and DAVID F. HAMILTON, Circuit Judges.

## ORDER

The Attorney General has filed a motion to amend or clarify the opinion. We construe the motion as a petition for panel rehearing under Rule 35 of the Federal Rules of Appellate Procedure. The Attorney General seeks amendment or clarification in two respects.

First, the Attorney General asks that we indicate that "pre-*Silva-Trevino* Board decisions on moral turpitude issues may be entitled to deference or respect." This portion of the motion asks us to issue sweeping legal advice as to the status of innumerable BIA decisions that the Attorney General himself described as having been "a patchwork of different approaches across the nation," many of which did not "adequately perform the function they are supposed to serve." *Matter of Silva-Trevino*, 24 I. & N. Dec. 687, 688; see also *id.* at 695 (calling for reexamination of "the current, fractured approach"). We decline to undertake this vague, theoretical, and perhaps limitless project. The status of particular pre-*Silva-Trevino* decisions that were part of the earlier "patchwork" may be addressed, if and to the extent needed, through the ordinary process of legal argument in litigation and adjudication.

Second, the Attorney General asks that we clarify that "the inquiry on remand may include receipt and consideration of conviction documents pertinent to a 'modified categorical' analysis, as well as information extrinsic to the record of conviction." Petitioner Mata–Guerrero opposes this request and asks that we say that evidence beyond the record of conviction may be considered only if the adjudicator determines first that neither the categorical approach nor the modified categorical approach resolves the inquiry. Our opinion ordered a remand to the Board "so it may determine whether [petitioner's] conviction under Wisconsin Statute § 301.45(2)(a) was a crime of moral turpitude using the individualized inquiry required by the Attorney General in *Silva–Trevino*." We believe it is already sufficiently clear that *Silva–Trevino* gives an immigration judge substantial discretion to exercise judgment as to when and to what extent evidence beyond the record of conviction should be considered. 24 I & N Dec. at 702. It will be up to the Board to apply the *Silva–Trevino* methodology on remand.

The Attorney General's motion to amend or clarify is accordingly denied.